## AVENDANO v. GAY.

1. A party in this court cannot allege as error in the court below, the admission of evidence offered by himself and objected to by the other side.
2. A statement of facts, made and filed by the judge several days after the issue and service of the writ of error in the case, is a nullity. *Generes* v. *Bonnemer* (7 Wallace, 564), affirmed.

ERROR to the Circuit Court of Louisiana.

Avendano brought suit in the court below against Gay; and, in the course of the trial, offered certain evidence, which was objected to by the defendant, but which was admitted, notwithstanding, by the court. The defendant excepted, and a bill of exceptions was sealed. A verdict was given against the plaintiffs, who brought the case here on error. The writ of error was allowed on the 9th of July, 1867. The citation was issued on the 10th, and served on the 11th. On the 16th of July, a "statement of facts," by the judge who heard the case, was filed, and the cause in this state was here.

*Mr. Durant, for the plaintiff in error*, referring to the action of the court below in admitting the evidence, contended, that upon the case, as found by the court below, the judgment ought to be reversed.

*Mr. Janin, contra*, observing that the admission of the evidence was on the plaintiff's own offer, relied on *Generes* v. *Bonnemer*,* as disposing of the case; quoting the following passage:

---

* 7 Wallace, 564.

" To permit the judge to make a statement of facts, on which the case shall be heard here, after the case is removed to this court by the service of the writ of error, or even after it is issued, would place the rights of parties, who have judgments of record, entirely in the power of the judge, without hearing and without remedy.   The statement of facts, filed without consent of the parties, must be treated as a nullity; and, as there is nothing of which error of the court below can be predicated, the judgment must be affirmed."

Mr. Justice MILLER delivered the opinion of the court.

In order to show error in the proceedings in the Circuit Court, the counsel of the plaintiff in error, who was plaintiff below, has referred to a bill of exceptions taken by the defendant to the ruling of the court admitting evidence, offered by plaintiff against defendant's objection.   If there was error in the ruling, it was at plaintiff's request, and to the prejudice of defendant, and can form no ground of reversing the judgment, which, notwithstanding this testimony, was for the defendant.

Counsel also attempts to impugn the judgment, as not being supported by the facts of the case, and relies on what purports to be a statement of the facts found by the court. But the statement is filed in the court several days after the issue and service of the writ of error in this case, and is, therefore, a nullity, as we decided in the case of *Generes* v. *Ponnemer*.

JUDGMENT AFFIRMED.