THOMAS DEAN *vs.* AMERICAN LEGION OF HONOR.

Suffolk.    March 8, 1892. — May 24, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Beneficiary Organization — Party Plaintiff — Administrator.*

A person named as beneficiary in a certificate issued by a corporation organized under the Pub. Sts. c. 115, § 8, may, since the passage of the St. of 1888, c. 429, sue thereon in his own name.

The St. of 1888, c. 429, §§ 8 and 9, relating to fraternal beneficiary organizations, like the St. of 1885, c. 183, § 5, relating to life and casualty insurance on the assessment plan, treats the amount to be paid as the property of the beneficiaries, which they have a right to receive, under the express provisions of the law, by virtue of their relation to the corporation, created by the certificate, in which the corporation recognizes them as beneficiaries entitled, on the happening of a contingency, to a fund which is collected and held in trust for them, in accordance with the requirements of the statute and of the by-laws of the corporation.

CONTRACT, brought by the administrator of the estate of Joseph H. Poor, to recover $3,000 on a benefit certificate in the defendant corporation, issued to Poor for the benefit of William L. Putnam, " dependent friend."

The case was submitted to the Superior Court, and, after

judgment for the plaintiff, to this court, on agreed facts, which appear in the opinion.

*J. A. Maxwell*, for the plaintiff.

*J. H. Butler*, for the defendant.

KNOWLTON, J. The defendant in this case admits its liability to pay the sum of $3,000 under the benefit certificate declared on, but contends that its payment should be made to the beneficiary named in the certificate, or to the administrator *de bonis non* of the intestate, appointed by the Probate Court in Maine, and asks that the beneficiary and the administrator *de bonis non* be summoned into court and made parties to the action, so that their rights may be determined under the St. of 1886, c. 281. The application of the defendant was denied in the Superior Court, judgment was rendered for the plaintiff, and the defendant appealed. The question before us is whether the suit should be brought by the administrator or by the beneficiary, when by the terms of a certificate of this kind payment is to be made to a designated beneficiary. If the beneficiary is the proper party to bring the suit, we cannot, upon the facts presented in this case, and without hearing him, decide that the designation is invalid, and that the beneficiary named in the certificate is not entitled to the fund.

The plaintiff contends that *Flynn* v. *Massachusetts Benefit Association*, 152 Mass. 288, in which it was held by a majority of the court that the suit should be brought by the administrator, is decisive of this case. But, while it is an authority in favor of the plaintiff, the case at bar differs from it, and, in view of recent declarations of the Legislature, calls for careful consideration. In the first place, the certificate in the former case was under seal, and considerable stress was laid on that fact in the opinion. The certificate now before us recites a sealing by the Supreme Commander, but no seal was ever impressed upon it or affixed to it. A facsimile of the seal of the corporation was printed upon it, apparently as a part of the printed blank designed to be used by the officers in making contracts. It is held in this Commonwealth that such an imprint on a paper does not make the contract written on it a sealed instrument, even though a sealing is recited. Pub. Sts. c. 3, § 3, cl. 19. *Bates* v. *Boston & New York Central Railroad*, 10 Allen, 251. *Hendee* v. *Pinkerton*, 14 Allen, 381, 387.

By the St. of 1885, c. 183, § 5, in reference to policies' or certificates of insurance on the assessment plan, payable on a contingency, it is provided that, "upon the occurrence of such contingency, unless the contract shall have been voided by fraud, or by breach of its conditions, the corporation shall be obligated to the beneficiary for such payment at the time and to the amount specified in the policy or certificate ; and this indebtedness shall be a lien upon all the property, effects, and bills receivable of the corporation," etc.   Here is a statute creating a liability of the corporation directly to the beneficiary in this class of cases, and the Legislature evidently intended that this liability should be enforceable at law by the beneficiary, without the intervention of an administrator of the deceased member.   It could hardly be contended that a beneficiary cannot maintain an action to enforce an obligation, which by statute is made absolute in his favor, growing out of his relation to the corporation through the certificate of membership in which he is named as the beneficiary.

This statute, however, does not directly apply to the case before us, because by its terms it is inapplicable " to organizations which conduct their business as fraternal societies on the lodge system," and because the provision quoted is made to apply only to policies issued after the passage of the act.   St. of 1885, c. 183, §§ 1, 5.   But in most of its features it is almost the same as the amended statute under which the defendant is doing business, and, in this particular, there is every reason to think that it was intended to accomplish the same result in the same way.

The certificate under which the plaintiff claims was issued under the Pub. Sts. c. 115, § 8, which was repealed by the St. of 1888, c. 429.   This statute was not enacted until after the death of the certificate holder in *Flynn* v. *Massachusetts Benefit Association, ubi supra,* and therefore it was not considered in that case.   The last part of § 8 of the last mentioned statute is as follows: " Such corporation may also provide in its by-laws for the payment, from time to time, of a fixed sum by each member to be paid to the beneficiaries of deceased members, in such amount and manner as shall be fixed by said by-laws and written in the benefit certificate issued to said member, and payable to the husband, wife, children, relatives of, or persons dependent

upon, such member," etc.   Section 9 provides that "any such corporation may hold at any one time, as a death fund belonging to the beneficiaries of anticipated deceased members, an amount not exceeding one assessment from a general or unlimited membership," etc.   This statute, like the St. of 1885, above referred to, treats the amount to be paid as the property of the beneficiaries, which they have a right to receive under the express provisions of the law, by virtue of their relation to the corporation, created by the certificate, in which the corporation recognizes them as beneficiaries entitled, on the happening of a contingency, to a fund which is collected and held in trust for them, in accordance with the requirements of the statute and of the by-laws of the corporation.   In a certificate of membership, such as was issued in the present case, the promise to pay, made in general terms, without mentioning the party to whom it runs, is to be treated under the statute as a promise to the persons to whom the fund belongs, and who are entitled to receive it.   The beneficiary is, by the statute, given a standing with the corporation no less important than that of the person who becomes a member.   The statute creates a relation between the beneficiary and the corporation which brings the case within the principle of the first of the exceptions to the general rule, that an action founded on a contract can be brought only by one of the contracting parties, which were stated by Mr. Justice Metcalf in *Mellen* v. *Whipple,* 1 Gray, 317, and restated and approved by Mr. Justice Gray in *Exchange Bank* v. *Rice,* 107 Mass. 37. The defendant corporation has in its hands money which in equity and good conscience belongs to the beneficiary, and which in its certificate it has promised to pay him.

Many of the persons whom these corporations were expected to benefit have but little property, and in many cases it would be a great hardship to compel a beneficiary to take out administration on the estate of the deceased member, in order to recover the money due him.   We think the Legislature intended to make no difference in this particular between the St. of 1888, c. 429, and the similar St. of 1885, c. 183, and that the beneficiary named in a certificate in the usual form, issued under either of them, may sue in his own name for the money due him on the decease of the member.

The certificate in the present case was issued before the passage of the St. of 1888, c. 429, but it is in the same form as if that statute had been in force.  The defendant corporation was organized in 1879, but its certificate of incorporation states that one of its purposes is " to establish a benefit fund from which, on the satisfactory evidence of the death of a member of the order who has complied with all its requirements, a sum not exceeding five thousand dollars shall be paid to the family, orphans, or dependents, as the member may direct," etc.   This, too, would not have been different if it had been issued after the passage of the St. of 1888.   By § 17 of that statute, authority was given to the defendant, and to other similar corporations, to reincorporate under the statute; but reincorporation was not required, and it is provided that " any such corporation may continue to exercise all rights, powers, and privileges conferred by this act, or its articles of incorporation, not inconsistent herewith, and shall be subject to the requirements and penalties of this act, the same as if reincorporated hereunder." Its certificate of incorporation and its method of doing business and its certificates of membership being in conformity with this act, there was apparently no occasion for reincorporation, and there is no reason why the statute should not be applied, so far as it can be without impairing the obligation of contracts. If it be held that this statute changes the remedy of a beneficiary so far as to enable him to bring an action in his own name for what he is ultimately to receive, instead of using the name of an administrator, it does not affect the substance of the contract, nor deprive anybody of a valuable right.

Perhaps, on a careful examination of the language of this certificate of membership and of the certificate of incorporation, the same result might be reached if the Pub. Sts. c. 115, § 8, remained in force.   But the language of the later statute is slightly different, and that and the St. of 1885, above mentioned, make the meaning of the Legislature clearer than it was before their enactment, even if they do not indicate an intention to change the law materially.   The elaborate provisions of the St. of 1890, cc. 341, 421, are also confirmatory of the view we have taken.

The questions raised in *Flynn* v. *Massachusetts Benefit Association* have not since been formally considered by the court.

In *Lyon* v. *Royal Society of Good Fellows*, 153 Mass. 83, the parties waived all questions as to the right of the plaintiff to sue; and in *Burns* v. *Ancient Order of United Workmen*, 153 Mass. 173, which was a suit on a contract under seal, this point was not discussed. Without in any way departing from the rules heretofore laid down in regard to suits upon ordinary policies of insurance, or other contracts, we are of opinion that, under certificates like that now before us, issued under the statutes above considered, beneficiaries may sue in their own names. It follows that the defendant's petition to summon in the beneficiary should have been granted.

> *Judgment set aside, and the defendant's petition to summon in the beneficiary granted.*