WILLIAM H. NIMS, administrator, vs. HARDIN S. FORD
& trustee.

Berkshire.    September 12, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Life Insurance — Equitable Interest — Trustee Process — Statute.*

An insurance company in 1861, in consideration of a premium of a certain sum
paid to it by A., and of the annual premium of a like sum to be paid to it on or
before a certain day in every year during the continuance of the policy, insured
the life of A. in a certain amount, for the term of life, "for the benefit of her
husband." The policy contained the following clause: "And the said com-
pany do hereby promise and agree well and truly to pay or cause to be paid, at
their office, the said sum insured to the above named party to whose benefit
this insurance shall inure whenever the same becomes due, his executors, ad-
ministrators, or assigns." A. died in 1891, having paid all the premiums due
upon the policy from her separate funds. The company never promised to pay
the husband the sum due or to become due under the policy, unless such prom-
ise was contained in the policy itself, and had such sum in its possession. *Held*,
that the husband would not be entitled to maintain an action at law against the
company on the policy ; that his interest therein was an equitable interest only,
which could not be reached by trustee process ; and that the Gen. Sts. c. 58, § 62,
and the St. of 1887, c. 214, § 73, did not affect the case.

LATHROP, J.    The Berkshire Life Insurance Company, sum-
moned as trustee of the principal defendant, in 1861, in con-
sideration of a premium of forty dollars paid to it by Julia O.
Ford, and of the annual premium of a like sum to be paid to
it on or before a certain day in every year during the continu-
ance of the policy, assured the life of said Julia, in the amount
of one thousand dollars, for the term of life, " for the benefit of
her husband," who is the principal defendant in this case.    The
policy contains the following clause : " And the said company
do hereby promise and agree well and truly to pay or cause to
be paid, at their office, the said sum insured to the above named
party to whose benefit this insurance shall inure whenever the
same becomes due, his executors, administrators, or assigns."

It appears from the answer of the trustee that Mrs. Ford died
in 1891, and that the company has in its possession the proceeds
of the policy.    The justice of the Superior Court who heard the
case, has found that Mrs. Ford paid all the premiums due upon

the policy from her separate funds ; and that the trustee never promised to pay the principal defendant the sum due or to become due under the policy, unless such promise is contained in the policy itself. The justice ordered the trustee to be discharged, and the case is before us on an appeal from this order.

To charge the insurance company as a trustee, it is necessary for the plaintiff to show that the principal defendant has a legal cause of action against it growing out of the policy, as the company has no personal chattels in its possession belonging to the principal defendant capable of being seized and sold upon execution. *Maine Ins. Co.* v. *Weeks,* 7 Mass. 438. *Field* v. *Crawford,* 6 Gray, 116. A merely equitable right is not attachable by the trustee process. *Massachusetts National Bank* v. *Bullock,* 120 Mass. 86. See also *Folsom* v. *Haskell,* 11 Cush. 470.

In this case we fail to find any privity of contract between the principal defendant and the insurance company, or anything which would entitle the husband to maintain an action at law against the company on the policy. Mrs. Ford and the company were the contracting parties. The promise to pay to the husband was, by intendment of law, made with her and not with him. His interest was a purely equitable interest, which, as we have seen, is not enough to cause the trustee to be charged. *Campbell* v. *New England Ins. Co.* 98 Mass. 381, 400. *North America Ins. Co.* v. *Wilson,* 111 Mass. 542. *Bailey* v. *New England Ins. Co.* 114 Mass. 177. *Flynn* v. *Massachusetts Benefit Association,* 152 Mass. 288.

The plaintiff further contends that the policy in this case was written in conformity with the Gen. Sts. c. 58, § 62, and that the case comes within the recent decision of this court in *Dean* v. *American Legion of Honor,* 156 Mass. 435. It is provided in the section of the Gen. Sts. above cited : " When a policy is effected by any person on his own life or on the life of another, expressed to be for the benefit of such other or his representatives, or a third person, the person for whose benefit it was made shall be entitled thereto against the creditors and the representatives of the person effecting the same." In *Dean* v. *American Legion of Honor,* the court were of opinion, upon a consideration of the various statutes relating to beneficiary associations, that the intent of the legislature sufficiently appeared that a person

named as a beneficiary in a certificate might maintain an action in his own name. We see no indication of an intention to change the general rule in the language of the Gen. Sts. c. 58, § 62, or of the St. of 1887, c. 214, § 73, the act now in force.

*Order affirmed.*

*D. Malone,* for the plaintiff.
*J. C. Davis,* for the claimants.