FLORENCE J. McCARTHY, administrator, *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Hampden.   September 25, 1894. — October 19, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Life Insurance — Right of Administrator of Assured to sue — Action.*

A policy of insurance, not under seal, was issued to A. upon his life, in which the insurance company agreed to pay to the person or persons designated in the fifth condition of the policy, upon receipt of proofs satisfactory to the company of the death of the insured, a certain sum of money. The fifth condition was as follows: "The production by the company of this policy, and of a receipt for

the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is an executor or administrator, husband or wife, or relative by blood, or lawful beneficiary, of the insured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied." B. was named as the beneficiary in the application for the insurance made by A. *Held,* that the administrator of A.'s estate could maintain an action on the policy.

CONTRACT, by the administrator of the estate of Ellen McCarthy, upon a policy of insurance for $500, issued by the defendant to her upon her life. At the trial in the Superior Court, before *Fessenden,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*E. H. Lathrop,* for the defendant.

*J. B. Carroll,* for the plaintiff.

LATHROP, J. The defendant in this case, after an application in writing made by Ellen McCarthy, issued to her a policy of insurance upon her life, in which it agreed to pay to the person or persons designated in the fifth condition of the policy, upon receipt of proofs satisfactory to said company of the death of the insured, a certain amount of money. The fifth condition reads as follows: " The production by the company of this policy, and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is an executor or administrator, husband or wife, or relative by blood, or lawful beneficiary, of the insured, shall be. conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied." In the application made by Ellen McCarthy, under the heading, " Name, etc. of person to whom benefit is to be paid," is written " Florence McCarthy, nephew."

This case is an action on the policy brought by the administrator of the estate of Ellen McCarthy. At the trial, the defendant asked the court to rule that the plaintiff could not maintain the action, and that the beneficiary named in the contract was the only person entitled to sue. · The court declined so to rule; and the case comes before us on the defendant's exceptions.

If the policy in this case had been under seal, it is clear that the plaintiff would be the only person entitled to maintain the action. *Campbell* v. *New England Ins. Co.* 98 Mass. 381, 400. *Bailey* v. *New England Ins. Co.* 114 Mass. 177. *Flynn* v. *North American Ins. Co.* 115 Mass. 449. *Rindge* v. *New England Aid Society*, 146 Mass. 286, 289.

The policy here does not purport to be sealed, the language of the final clause being, " In witness whereof, the said Metropolitan Life Insurance Company has, by its president and secretary, signed and delivered this policy." There is, however, a facsimile of the seal of the corporation printed upon it. If this was done at the time the blank form of policy was printed, it is not a good seal. *Dean* v. *American Legion of Honor*, 156 Mass. 435, 436.

Treating the policy, therefore, as one not under seal, and assuming that the persons named in the fifth condition are named distributively, the defendant contends that this is a simple contract made by the intestate with the defendant, by which it agreed only to pay to the lawful beneficiary, and that therefore the action should have been brought by the beneficiary.

But the promise to pay to the beneficiary was made by the defendant with the intestate, and not with the beneficiary. *Nims* v. *Ford*, 159 Mass. 575. Whether the beneficiary could or could not sue upon this contract, is immaterial, if the plaintiff could sue, and we see no reason why he could not maintain an action upon a promise made to his intestate.

*Exceptions overruled.*