## EMILY B. WRIGHT *vs.* VERMONT LIFE INSURANCE COMPANY.

Suffolk.    March 8, 1895. — September 16, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Life Insurance — Party to sue — Action — Demand of Payment — Satisfactory Proof of Death — Statement of Occupation of Insured — Amendment — Judgment.*

An action upon a policy of life insurance issued before the passage of St. 1894, c. 225, should be brought by the administrator of the estate of the insured, and not by the beneficiary.

If the promise in a policy of life insurance is to pay the sum named therein at the office of the insurance company in a certain city within ninety days after satisfactory proof of the death of the insured, a right of action accrues at the expiration of ninety days after such satisfactory proof is furnished, without any formal demand of payment.

It is no bar to an action on a promise to pay money that the promisee was not present at the time and place appointed for payment; but it is for the promisor to show in defence that he was ready to pay, and he must make a tender accompanied by a *profert in curia.*

In an action upon a policy of life insurance, by the terms of which the insurance company promised to pay the sum named therein "at its office in the city of B. . . . ninety days after satisfactory proof, at its said office, of the death of the said insured," it appeared that the proof of death was made out on blanks furnished by the company, was taken to the office of the company in another city, and there received by a person apparently in charge of the office, who promised to forward it to B.; and it was produced at the trial by the defendant's counsel. It was admitted that the proof was regularly and properly made out; and no evidence was produced by the defendant to show that it was not received at B. *Held,* that the jury were warranted in finding that the proof of death had been furnished in accordance with the requirements of the policy.

To the question in an application for life insurance, which required the applicant to state his "occupation or employment," the answer was, "Waiter." In an action upon the policy subsequently issued, the evidence was that the insured had been a calker, but at the time the application was made he was a waiter in a restaurant. In the proof of death signed by the beneficiary, who was the wife of the insured, she stated that he was employed as a waiter, and was also doing jobbing in calking for different persons, and that he was a calker and waiter; and she testified that, although his trade was that of a calker, he did not do any calking at the time of the policy or afterwards, though he tried to get some jobs at calking. *Held,* that the judge rightly refused to rule that the plaintiff could not recover, because the answer of the insured was not full, complete, and true; and that it was for the jury, upon the evidence, to say what the applicant's occupation was at the time the answer was made.

It is within the power of the Superior Court, after a verdict for the plaintiff in an

action upon a policy of life insurance, and after the defendant's exceptions on the merits have been overruled by this court, to allow an amendment of the writ substituting for the beneficiary's name as plaintiff the name of the administrator of the insured's estate, as nominal plaintiff, for her benefit, and, although the defendant's exception to the refusal to rule that the action could only be maintained by the administrator has been sustained, it is unnecessary that the case should be tried again, but, if such an amendment is allowed, judgment may be entered on the verdict.

CONTRACT, upon a policy of insurance issued by the defendant on the life of Alexander H. Wright, and payable to the plaintiff, who was his wife. At the trial in the Superior Court, before *Richardson*, J., the jury returned a verdict for the plaintiff ; and the defendant alleged exceptions, which appear in the opinion.

*J. Woodbury*, for the defendant.

*P. H. Cooney*, for the plaintiff.

LATHROP, J.  1.  We are of opinion that the first request for instructions should have been granted.*  The promise to pay to the plaintiff was by intendment of law made with Alexander H. Wright, and his administrator was the proper party to sue.  The St. of 1887, c. 214, § 73, did not change this rule of law.  *Nims* v. *Ford*, 159 Mass. 575.  *McCarthy* v. *Metropolitan Life Ins. Co.* 162 Mass. 254.  The St. of 1894, c. 225, which gives the person to whom a policy of life insurance is made payable the right to maintain an action thereon in his own name, by its terms applies only to policies thereafter issued, and has no application to the policy in this case, which was issued in January, 1890.

2.  The second request for instructions was properly refused.  The bill of exceptions on this point is as follows: " There was no evidence that the plaintiff personally had ever demanded payment of the policy at the office of the company in Burlington, but she testified that she had demanded payment from the agent of the company at 40 Water Street, Boston; and the defendant asked the court to rule that, in the absence of such evidence, this action could not be maintained, but the court refused said request, and the defendant excepted thereto."

Treating the request literally, it would be enough to say that, if a demand was necessary at Burlington, the plaintiff was not

---

* The defendant requested the judge to rule that the action could not be maintained by the plaintiff, but only by the administrator of the estate of the insured.

required to make it personally, but could make it by an agent; and that, as the request was based entirely on the want of evidence of a personal demand by the plaintiff at Burlington, the judge was not bound to give it. But we may go further, and say that there is nothing in the policy which requires any demand at Burlington or elsewhere. The promise is to pay at the office in Burlington within ninety days after satisfactory proof of death of the insured. At the expiration of ninety days after satisfactory proofs were furnished, a right of action accrued, without any formal demand.

It is no bar to an action on a promise to pay money that the promisee was not present at the time and place appointed for payment. *Ruggles* v. *Patten*, 8 Mass. 480. *Carley* v. *Vance*, 17 Mass. 389. *Payson* v. *Whitcomb*, 15 Pick. 212. In *Carter* v. *Smith*, 9 Cush. 321, in an action on a promissory note payable at a time fixed at either of the banks in Portland, the defendant objected that the plaintiff must prove a demand. This objection was overruled, and this court, Chief Justice Shaw giving the opinion, overruled the defendant's exceptions, with double costs.

It is for the promisor to show in defence that he was ready to pay, and he must make a tender accompanied by a *profert in curia*. *Carley* v. *Vance*, and *Carter* v. *Smith*, *ubi supra*.

3. The third request for instructions, that the evidence was insufficient to establish that the proof of death had been furnished in accordance with the requirements of the policy, was properly refused. It is true that the promise to pay in the policy is " at its [the defendant's] office in the city of Burlington . . . in ninety days after satisfactory proof, at its said office, of the death of the said insured." The proof of death was made out on blanks furnished by the company, was taken to the office of the defendant in Boston, and there received by a person apparently in charge of the office, who promised to forward it to Burlington; and it was produced at the trial by the defendant's counsel. It was admitted that the proof was regularly and properly made out. No evidence was produced by the defendant to show that it was not received at Burlington. We are of opinion that the jury were well warranted in finding against the defendant on this issue.

4. The next objection is, that the insured did not make a " full, complete, and true" answer to the third question in the application for insurance, which required him to state his "occupation or employment." The answer was, "Waiter." The evidence was that the insured had been a calker, but at the time the application was made he was a waiter in a restaurant. It is true that in the "proof of death" signed by the plaintiff, she stated that he was employed as a waiter, and was also doing jobbing in calking for different persons, and that he was a calker and waiter; but she explained in her testimony that, although his trade was that of a calker, he did not do any calking at the time of the policy or afterwards, although he tried to get some jobs at calking.

The question did not call for the past occupation of the insured, as in *Dwight* v. *Germania Ins. Co.* 103 N. Y. 341, but for his occupation at the time of the application. The question was submitted to the jury under instructions not now objected to by the defendant. The defendant on this point has relied solely upon the refusal of the judge to rule that the plaintiff could not recover, because the answer of the insured was not full, complete, and true. On the evidence, such a ruling was rightly refused. It was for the jury, upon the evidence, to say what the applicant's occupation was at the time the answer was made. The statement made by the plaintiff was evidence against her, but was not conclusive.

5. It is within the power of the Superior Court to allow an amendment of the writ, substituting for her name as plaintiff the name of the administrator of her husband's estate, as nominal plaintiff, for her benefit. *Winch* v. *Hosmer*, 122 Mass. 438. *Costelo* v. *Crowell*, 134 Mass. 280. *Lewis* v. *Austin*, 144 Mass. 383. As the defendant's exceptions on the merits have been overruled, there seems to be no reason why the case should be tried again, or why, if the amendment above suggested be allowed, judgment should not be entered on the verdict. *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151, 164. As the judge erred in refusing to give the first instruction requested, the entry must be

*Exceptions sustained.*