# RODIER v. LIFE INSURANCE COMPANY OF VIRGINIA.

---

TRIAL; OBJECTIONS AND EXCEPTIONS; LIFE INSURANCE.

1. A party waives his objection to evidence by subsequently introducing the same evidence.

2. An action by the administratrix of the insured is maintainable on a policy of life insurance, where the insurer, by the policy "promises to pay to Mary K. Dee, the mother of the insured; or, in event of her prior death, to the insured's executors, administrators, or assigns," although the mother is living; and it is immaterial whether the policy is a sealed instrument or not.

3. *Quœre*, whether the beneficiary could bring an action on such a policy.

4. Where the insured in an application for a policy of life insurance, the statements in which were expressly warranted to be true, stated that he was a groceryman, and not engaged in selling liquor, and also that he had never had any disease of the stomach or bowels, while the proof of death, consisting of affidavits of the mother of the deceased and the beneficiary under the policy, and of the insured's physician, offered in evidence by the administratrix of the insured in an action on the policy, show that the insured, at the date of the policy and until his death, was a liquor dealer, and that his death

was caused by acute indigestion, of which he had had several attacks during the year or two preceding the date of the policy, the trial court properly directs a verdict for the defendants.

No. 1834.   Submitted March 6, 1908.   Decided November 12, 1908.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on a verdict directed by the court, in an action upon a policy of life insurance.                                                      *Affirmed.*

The COURT in the opinion stated the facts as follows:

Plaintiff, Mary C. Rodier, as administratrix of the estate of Jeremiah K. Dee, deceased, brought this action to recover upon an insurance policy upon the life of said Dee. The defense rested principally upon two propositions:

(1) That, as the amount due upon the policy was expressly made payable to Mary K. Dee, mother of deceased, she alone can sue upon it; and

(2) That false statements were made in the application for the policy which relieve defendant from all liability.

At the close of plaintiff's evidence, verdict for defendant was directed, and this appeal ensued.

On March 23, 1901, Jeremiah K. Dee made written application to defendant for insurance on his life. This application, among other things, contained the following:

Full name of person to whom, if living, policy is to be payable at death of the insured.   *   *   *   It is hereby jointly agreed, by myself and all parties in interest, or who may become interested in any policy which may be issued under this application, as follows: 1. That the statements and representations contained in the foregoing application, together with those made to the medical examiner by the person above named on whose life insurance is applied for, shall be the basis of the contract between me and the said company; that I hereby warrant the same to be full, complete, and true, whether written by my own hand or not.   *   *   *

· Signature of beneficiary, Mary Kearney Dee (may be signed by the applicant) per J. K. D. (initials of applicant).

Signature of applicant, Jeremiah K. Dee.   *   *   *   I hereby declare that I am the party described in the accompanying application signed by me, and that I have given true answers to all the above questions put to me by the medical examiner, which questions and answers are considered as an essential part of the application, and as forming with it the basis of the proposed contract of insurance.   Signature of person examined.                        Jerry K. Dee.

The policy was issued by defendant April 10, 1901.  In the policy the defendant "in consideration of the application for this policy, which is hereby made a part of this contract, promises to pay at its home office, in the city of Richmond, Virginia, to Mary K. Dee, mother of insured; or, in event of her prior death, to the insured's executors, administrators, or assigns, one thousand dollars, within sixty days after acceptance," etc. Insured died October 10, 1901, having paid all premiums theretofore due upon said policy.  The beneficiary, Mary K. Dee, was living at the time of the trial.

The plaintiff, in making out her case, offered in evidence the policy without the application.  Thereupon defendant objected to the admission of the former without the latter, as it appeared upon the face of the policy that the application was a part of the contract sued upon.  Plaintiff contended the application was not admissible because a copy of it was not attached to the policy as required by sec. 657 of the Code [31 Stat. at L. 1294, chap. 854].  The court sustained defendant's objection, and plaintiff noted an exception to the ruling.  Instead, however, of standing upon her exception, as she should have done, plaintiff, as appears from the record, thereupon "called upon the defendant's attorneys for the production of said application referred to in the above-mentioned policy, and of said declarations or statements made to the medical examiner, which constituted a part of said application, and the defendant's attorneys produced the same, and *the plaintiff then*

*and there offered the same in evidence together with said policy,"* and they were admitted in evidence subject to objections by defendant, not necessary to be here repeated.

*Mr. Rossa F. Downing* and *Mr. Charles A. Keigwin* for the appellant.

*Mr. Leigh Robinson* and *Mr. Conway Robinson* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

After her own action in introducing the application, plaintiff cannot now be heard to challenge the ruling of the court in admitting it. She waived her right to press her objection to the admission of this piece of evidence by introducing it herself; *McGillin* v. *Bennett,* 132 U. S. 445, 33 L. ed. 422, 10 Sup. Ct. Rep. 122; *Avendano Bros.* v. *Gay,* 8 Wall. 376, 19 L. ed. 422.

Is the administratrix a proper person to bring an action for recovery upon the policy? We think she is. The promise to pay was not expressly made to anyone. Cases have arisen where the promise was made expressed to "the insured, executors, and administrators" or to "the beneficiary." But such is not the case here. We must determine, from all the circumstances, to whom the promise to pay was made. Jeremiah K. Dee was the applicant, and the consideration moved from him alone. The policy was delivered to him and remained in his possession until he died. These facts and the parts of the application above quoted clearly indicate that there was intended to be a contract between the insured and defendant, and that there was a promise to the insured to pay Mary K. Dee, if living.

In *Nims* v. *Ford,* 159 Mass. 575, 35 N. E. 100, an insurance company, in consideration of money paid to it by Julia O. Ford, assured her life "for the benefit of her husband," the policy containing this clause: "And the said company do hereby promise and agree well and truly to pay or cause to be paid,

at their office, the said sum insured to the above-named party, to whose benefit this insurance shall inure whenever the same becomes due." After Mrs. Ford died, a creditor of Mr. Ford commenced an action against him, and summoned the insurance company as trustee, that company having in its possession the proceeds of the policy. The court affirmed a judgment discharging the trustee, saying: "To charge the insurance company as a trustee, it is necessary for the plaintiff to show that the principal defendant has a legal cause of action against it, growing out of the policy. * * * A merely equitable right is not attachable by the trustee process. * * * In this case we fail to find any privity of contract between the principal defendant and the insurance company, or anything which would entitle the husband to maintain an action at law against the company on the policy. Mrs. Ford and the company were the contracting parties. The promise to pay to the husband was, by intendment of law, made with her, and not with him."

This case was followed in *McCarthy* v. *Metropolitan L. Ins. Co.* 162 Mass. 254, 38 N. E. 435, in which the company requested the court "to rule that the plaintiff [intestate's administrator] could not maintain the action, and that the beneficiary named in the contract was the only person entitled to sue." The trial court declined so to rule, and, on appeal, this ruling was affirmed, the court saying: "But the promise to pay to the beneficiary was made by the defendant with the intestate, and not with the beneficiary. *Nims* v. *Ford,* supra. Whether the beneficiary could or could not sue upon this contract is immaterial, if the plaintiff could sue, and we see no reason why he could not maintain an action upon a promise made to his intestate."

In *Fugure* v. *Mutual Soc. of St. Joseph,* 46 Vt. 363, plaintiff's husband was a member of defendant, a benefit society. One of the by-laws of the society in force when the husband died provided that it would pay 25 cents a day to the widow of each deceased member. Afterwards a by-law was adopted which provided that such payments should cease when the total sum paid amounted to $200. After defendant had paid plain-

tiff $200, it stopped the payments.  Plaintiff brought an action, claiming that a right to continue payments had become vested which could not be taken away by a by-law of the society. Judge Redfield delivered the opinion of the court, saying, in part: "The declaration counts upon a promise made to the deceased husband of the plaintiff, and upon a consideration moving from him, that defendant would pay to the wife a certain daily stipend in case of the husband's decease. * * * It is insisted that the plaintiff cannot maintain this suit; that, the contract having been made with the husband, and the consideration moving from him, the suit can only be maintained in his name or that of his legal representatives.  Upon such declaration and proof as this case discloses, we think the decisions in this state have been uniform that, at law, the plaintiff cannot recover.  The consideration moved from the husband, and the promise was made to him; and hence he alone, or his legal representatives, can sue at law to enforce the promise. * * * In some of the states a different doctrine has obtained, and cases are cited from New York that would support the right of action in the plaintiff; but the course of decisions in England seems in concurrence with the uniform rule in this state."

The policy in the instant case reads "promises to pay * * * Mary K. Dee, mother of insured; or, in event of her prior death, to the insured's executors, administrators, or assigns." If we should read the words "Mary K. Dee" into his policy after the word "promises," it would make the promise to pay the insured's executors, administrators, or assigns in the event of her prior death run to Mary K. Dee as well as the promise to pay her if living.  This clearly was not intended.

What became of this promise to the insured at his death? It would be unreasonable to hold that such a promise was made only to be extinguished by an event upon the happening of which performance was contingent.  We think the promise survived the death of the promisee.  Did it pass to Mary K. Dee? We find nothing in the present case to take it out of the general rule that all contract rights pass to and are enforceable by the personal representative of the deceased.  Of course, any money

which the administratrix may recover, she will hold in trust
for the benefit of the mother of deceased.

*Tripp* v. *Vermont L. Ins. Co.* 55 Vt. 100, was an action by
administrators to recover upon a life insurance policy taken
out by the person whose estate they were administering, upon
his own life.   Answering the contention that plaintiffs were
not the proper parties to bring the suit, the court said: "In
the case at bar the engagement of the company is expressed as
follows: 'And the said company do hereby promise to and,
agree with, the insured, his executors, administrators, or as-
signs, to pay, etc.   \*   \*   \*   (and in case of his death before
A. D. 1913), to pay his mother, Clara M. Chapman, etc.'   Here,.
it is seen, the contract is made with Chapman; the considera-
tion moved from him; the promise moved to him; and the ac-
tion is for the breach of this promise.   Clara M. Chapman
is, in a contingency, the beneficiary of the contract, but is not
a party to it.   The promise upon which the obligation of the
defendant to pay rests was made to the intestate, and his rep-
resentatives alone can enforce it."

*Munroe* v. *Providence Permanent Firemen's Relief Asso.*
19 R. I. 363, 34 Atl. 149, was an action of assumpsit by
plaintiff as administratrix to recover money claimed to be due
from defendant, a benefit society, because of the death of plain-
tiff's husband.   A demurrer was interposed to the second count
on the ground that it set forth a cause of action in favor of
plaintiff individually, and not in her capacity as administra-
trix.   The court said: "We think, however, that the defendant
is mistaken in its construction of the count, for, though the
plaintiff individually is the beneficiary under the promise set
forth, the promise on which the count is framed is laid as hav-
ing been made to the deceased."   The demurrer was, therefore,
overruled.   The court then discussed the question of the proper
party to bring the action, as follows: "In the absence of stat-
utory provisions regulating the bringing of such suits, we think
the suit may properly be brought either by the personal repre-
sentative of the deceased or by the beneficiary.   By the per-
sonal representative because the deceased was the person from

whom the consideration moved and to whom the promise was made; * * * in which case, on recovery, the personal representative will hold the money in trust for the beneficiary, and not as assets of the estate. * * * By the beneficiary, because, though the consideration was furnished by the deceased and the promise was made to him, it was nevertheless for the benefit of the former."

We do not wish to be understood as holding that Mary K. Dee could not have brought an action upon this policy in her own name. It is unnecessary to determine that point, and we intimate no opinion upon it. All that we need now to decide, and all that we do decide, is that the administratrix has a right, under all the circumstances in this case, to maintain this action. Even if the promise to pay was made to the beneficiary as well as the insured, the personal representative of the latter may sue upon it.

There has been considerable discussion as to whether or not the policy should be treated as a sealed instrument. We deem it unnecessary to determine this point, for, whatever our determination, it would not alter our conclusion that plaintiff can maintain this action. *Mutual L. Ins. Co.* v. *Stibbe,* 46 Md. 310, where a sealed policy was sued upon, held that the instrument was a deed poll, and the beneficiary could sue in her own name. But it did not hold that the personal representative of the insured could not sue.

In the application it was stated that the insured was a grocery merchant; that he had no other occupation; that he had never been, and was not, at that time, engaged in, and had no intention of engaging, directly or indirectly, in the manufacture, sale, or handling of malt or spirituous liquors; that he had never had any illness; that he had never consulted or been attended by a physician; that he had never had disease of the stomach or bowels; and that he did not use spirits, wine, or malt liquor. These statements were expressly made the basis of the contract of insurance, and were warranted to be "full, complete, and true." The contract provided that agents of defendant were authorized to bind the company by making

any promise or receiving any representation or information, not contained in the application.

Plaintiff offered in evidence the proofs of death submitted to defendant, and defendant joined in the offer. The offer was general, and not stated to be limited to any particular purpose. These proofs consisted of affidavits of Mary K. Dee and Patrick Dee, mother and father of deceased, and of the physician of the deceased. From these it appeared that the deceased, at the date of the policy and until his death, was a liquor dealer, that his death was caused by acute indigestion, of which he had five attacks between December, 1900, and October 10, 1901.

At the close of plaintiff's case, the evidence showing that the deceased had made statements which constituted a breach of warranty was undisputed, and there was no evidence tending to show a waiver by defendant of such breach. The action of the court in directing a verdict was therefore obviously correct. *Ætna L. Ins. Co.* v. *France,* 91 U. S. 510, 23 L. ed. 401.

In view of our conclusion that, upon the evidence, a verdict was properly directed, because of breach of warranty, it is unnecessary to consider the other questions discussed by counsel.

The judgment is affirmed, with costs.            *Affirmed.*