# 7780

Court of Appeal — Parish of Orleans

- - - - - -

No. 7780

- - - - - -

Mrs. John A. Bass

versus

Metropolitan Life Insurance Co.

- - - - - -

- - - - - -

By Dinkelspiel, J.

By Dinkelspiel, J.

The issues presented in this cause are whether or not the defendant company under its policy of insurance can be held liable to the widow of the insured for the amount of the policy.

Plaintiff alleges that her husband, the late John A. Bass, took out with said defendant company a policy of insurance for $370.00, which policy was made payable to the wife of said insured, and that proof of death was made and filed with the company by her; that the insured died in the City of New Orleans on October 11, 1917, and the company has declined payment.

The answer of the defendant company sets up, admitting the facts thus far stated by plaintiff, and averring further that the policy in question was made payable to the executor or administrator of the insured, unless payment be made under the provisions of the succeeding paragraph, and upon surrender of the policy and the premium receipt book. The clause alluded to in the answer reads:

"The company may make any payment or grant any non-forfeiture of privilege provided herein to the assured, husband or wife, or any other relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof, of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

The company defendant, further avers that they paid to one Fannie Bass, upon proper proof of the death of John A. Bass, she furnishing to the company satisfactory proof, together with the premium receipt book, being the amount stipulated in said schedule and under the provisions of the policy quoted and the conditions therein contained plaintiff was not entitled to avails of said policy, she not having been the executrix or administratrix of the insured, and having no right to stand in judgment in this cause.

An examination of the policy and the stipulations and agreements therein contained, which are binding on all parties in interest, convinces us beyond the shadow of a doubt that the payment made by the defendant company to the party in question was justified under the terms of the policy.

It has been frequently decided that industrial life insurance policies,where payments were made, as in this case, weekly, and where no other provisions provided for in the policy which is a law of the parties in interest, the defendant company had the right to pay to the parties whom they deemed better entitled to such payment. This has been demonstrated by numerous decisions. In the case of Abraham Lewis vs. Metropolitan Life Insurance Co., 178 Mass. Rep. 52: "Where the party in question was the son of the deceased, had paid all the premiums on the policy, but the policy without naming anyone as to the person to whom the payment. was to be made, but under the clause authorized the company to pay this sum 'to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reasons of having incurred expenses on behalf of the insured, or for his or her burial! might perhaps have been the discharge of the contract." Metropolitan Insurance Co. vs.

Schaffer, 21 Froon, 72: "But that clause does not entitle one to whom such a payment might have been made, but who is not named as the beneficiary of the policy, or otherwise designated as the person who is to receive the sum to be paid, to enforce payment of the sum due under it. Such a suit can be maintained only by the executor or administrator of the insured, with whom the contract was made." McCarthy vs. Metropolitan Insurance Co. 162 Mass. 254: "Neither does the fact testified to by the plaintiff, that he 'paid the premiums between the time of the issuance of the policy and the death', give the plaintiff a right to sue for the amount to be paid." Swan vs. Snow, 11 Allen, 224-226; Millard vs. Drayton, 177 Mass. 533.

And to the same effect we find decisions to be in Metropolitan Life Insurance Co. vs. Nelson, 170 Ky. 674. in L. R. A. 461-462; Bradley vs. Prudential Insurance Co. ... 226; Thomas vs. Prudential Insurance Co. 148 Penn. 594; and in the case of Bradley vs. Prudential Insurance Co. of America, 77 N. E. R. 984, the same doctrine is announced.

For the reasons herein assigned, it is ordered, adjudged and decreed that the judgment of the lower court be and the same is hereby affirmed.

Judgment affirmed.

— — — — — — — —

*S. Paul J.* I concur in all except that the payment by an insurance company, under such a clause is conclusive under all circumstances.