JONES, P. J. (Wilson, J., and Henchey, J.)
This case is an action of contract wherein the plaintiff seeks to recover upon a policy of life insurance issued by the defendant.
This action, however, is disposable upon other grounds, on matters of jurisdiction. As to the right to consider the matter of jurisdiction, even though not raised, see, In re Mayberry, 295, 155 and In re Stern, 299 Mass. 107.
It appears from the docket entries that the case was entered July 30, 1938; February 21, 1940, a finding was entered for the defendant; February 26, 1940, defendant filed a request for a report; on March 4, March 19, April 2, April 30 and May 28, 1940, extensions of time for filing a draft report were granted on plaintiff’s motions; on the last named date, May 28, 1940, extension of time for this filing was granted until June 25, 1940; the plaintiff did not comply with the last extension and filed his draft report a day later than the time given, to wit, June 26, 1940.
Passing over the question as to whether a judge has au' thority to grant five requests for extending time for filing a draft report, which we doubt, we have before us the fact that the draft report was not filed within the time allowed, but was filed a day later. In view of this we do not think the *32 plaintiff, who is the party if anybody is, who should have been persistent in he pursuanc of an appeal in this action begun by him, should be allowed at this date to prosecute an appeal not properly perfected by him. We think we have the right to inspect the docket entries to ascertain the true facts relative to ths matter. Kolda v. National Ben Franklin Fire Insurance Co. 290 Mass. 182. This case therefore comes under the Rules of the District Courts, 1932, Ed. and by the record the report was not filed within the time allowed' by the court and it therefore can be of no avail to the plaintiff.
A further fact appears relating tó this appeal. In order to be entitled to an appeal to this court a request for a report, according to Rule XXVII of said Rules must “contain a clear and concise statement of the rulings upon which a re-hearing is requested sufficiently full and accurate for identification.” The request filed was a request for a report on “requests numbered 1 and 2 appearing in plaintiff’s requests for rulings.” Where no request is filed within five days.,it is properly dismissed. Conway v. Murphy, 287 Mass. 536. The steps required by the statute regarding requests for a report and the particulars thereof cannot be waived. Statutes of 1935, c. 255, s. 1; Murphy v. Barry, Inc., 295 Mass. 249.
In this case there have been but few decisions of the Supreme Court relating to the form of a request required, but it is plain that it is not sufficient to refer to requests by number, but that the substance of the requests must be set forth. Almeida v. Alsdorf, 291 Mass. 115. Rollins v. Perry, 284 Mass. 483. Stafford v. Commonwealth Co. 263 Mass. 240. Gallagher v. Atkins, 305 Mass. 261.
However the foregoing may be, we take up the case reported on its merits. We find the plaintiff is attempting to collect on a policy of life insurance issued in the, first instance by the defendant to Antanas Yakas and payable upon his death to his executors or administrators. This policy was issued March 9, 1925, and the company, as expressed in the policy, agreed to pay the amount stipulated in the policy upon the death of the beneficiary to his executors and administrators. There was also in the policy the further promise “The company (issuing the policy) may make any payment ... to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured."
At the time the policy was issued the deceased was a roomer in the house of one Mary Shinkus who was in no way related to him. On September 24, 1925, the policy was duly changed by adding thereto the following: “Beneficiary changed to Mary Shinkus, relationship cousin.” Upon the death of the insured, Mary Shinkus surrendered the policy with proofs of death and evidence of premium payments.
The plaintiff’s appeal is 'based upon the denial of his first *33 request, viz: “The defendant is not excused from liability if it should be found that it paid the proceeds of the policy to one having no insurable interest.” Under G. L. (Ter. Ed. c. 175, s. 125, it is provided that “any person to whom a policy of life or endowment insurance, issued subsequent to April 11, 1894, is made payable, may maintain an action thereon in his own name.” It would appear therefore, from the provisions of this statute that upon the death of said Antanas Yakas the plaintiff was fully warranted in maintaining an action upon this policy and therefore it would appear that at the time she made proofs of loss the defendant was fully justified by this statute in paying the same to her as she had the right of action and such right is not limited by anything in the statute.
It would seem to be that the trial justice who made the finding that this policy is not a wagering policy and that the designation of Mary Shinkus. thereafter was reasonable and proper, may have relied somewhat upon the fact that Mary Shinkus testified that she was the insured’s landlord, to whom the insured said he could not pay his bills, and it could be inferred therefrom that for this purpose he took out the policy; but the request of the plaintiff seems to be based upon the assumption that a person having no insurable interest in his life could not collect under the policy in question. However, it would seem that the trial judge denied the first request of the plaintiff and thereby in effect ruled that the beneficiary need not have a beneficial interest in the life of the insured. We think the requezt was properly denied. The rule prior to 1894 in Massachusetts, as followed by Wright v. Vermont Life Insurance Co. 164 Mass. 302, and Nime v. Ford, 159 Mass. 575, was undoubtedly before the decision of King v. Cram, 185 Mass. 103, and has long since ceased to be followed.
Report dismissed.