MARY O'BRIEN *vs.* CONTINENTAL CASUALTY COMPANY.

Suffolk.     December 7, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Insurance, Life.     Equity Jurisdiction.*

The holder of an insurance policy, entitling him to a sickness indemnity of $35 a month and $100 for funeral expenses to be paid to his estate, signed an order to the insurance company directing the company to pay all money due on account of his policy to a certain creditor, and surrendered his policy to the company. Two days later, and before the company had acted on the order, the insured died intestate, without heirs or next of kin and with no creditors other than the payee of the order. The company refused to substitute the creditor as beneficiary under the policy, and the creditor brought a bill in equity to compel it to do so. *Held,* that the plaintiff was entitled to no relief, there being no privity between him and the company, and that his proper remedy would have been to have had an administrator appointed to collect the money on the policy.

BILL IN EQUITY, filed May 14, and amended November 25, 1902, praying that the defendant should be ordered to issue, in place of the policy issued to Cornelius Sullivan mentioned in the opinion, a new policy in which the plaintiff should be the beneficiary, and that the defendant should be required to pay to the plaintiff the amount due upon such new policy.

The defendant demurred to the amended bill. The Superior Court made a decree sustaining the demurrer and ordering that the bill be dismissed. The plaintiff alleged exceptions.

The substance of the bill is stated in the opinion. It alleged that the defendant was a corporation "established under the laws of the State of Indiana, for the purpose of transacting the business of insurance upon freight, money, goods and effects, and also the making of insurance on the life or health of persons, including the insurance of persons against disability from accident or sickness," and that it had a usual place of business in Boston.

*C. L. Bremer,* for the plaintiff.

*W. F. Merritt & N. T. Merritt, Jr.,* for the defendant.

LORING, J.   The plaintiff alleges that one Cornelius Sullivan, in his lifetime, was indebted to her, and that on March 12, 1902, two days before he died, he signed an order directing the

defendant Casualty Company to " pay all money due on account of Policy Number 432498 " at his death to the plaintiff, and surrendered said policy to the defendant.   She further alleges that on September 23, 1901, the defendant issued a policy to Sullivan " by the terms of which a sickness indemnity of thirty-five dollars a month was payable to said Sullivan, and one hundred dollars was to be paid for funeral expenses to his estate, if he should die more than three months after the cause, resulting in his death, originated " ; that a sum not exceeding $175 is due under the policy ; that by the terms of the defendant's charter beneficiaries must have an insurable interest, and the defendant refused to make the transfer because the plaintiff had no insurable interest while in fact she had such interest, being a creditor of Sullivan as aforesaid ; and lastly, that Sullivan died intestate without heirs or next of kin, leaving no debts other than the one due the plaintiff, and that no administrator of his estate has been appointed.   On these allegations it must be assumed that the defendant's refusal to substitute the plaintiff as beneficiary was made after Sullivan's death.

It is plain that on the facts stated the plaintiff made a mistake in her remedy.   She should have had an administrator appointed who could have collected the money due under the policy, and the money when collected would have belonged to the plaintiff or, under the circumstances alleged in the bill, would have had to be paid to her.   The contract which the defendant made was with Sullivan, and there is no privity of contract between the company and the plaintiff.   In *Atlantic Mutual Ins. Co.* v. *Gannon*, 179 Mass. 291, relied on by the plaintiff, the company was held to have assented to the substitution of the new beneficiary.   In *Marsh* v. *American Legion of Honor*, 149 Mass. 512, also relied on by her, the substitution of the new beneficiary was prevented by the fraud of the former beneficiary, and the plaintiff went into equity for relief against that fraud, and it appeared that except for the failure to surrender the certificate the substitution would have been made in the lifetime of the member.

*Decree affirmed.*