JAMES WILKINSON, Admr., *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE CO.

PROVIDENCE—MAY 10, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)   *Life Insurance Policies.   Limitation of Right to Sue.   Accrual of Cause of Action.   Statute of Limitations.*

Rev. Laws, Mass. 1902, vol. 2, cap. 118, § 26, forbids a Massachusetts insurance company to limit the time within which suit may be commenced   to less than two years after the cause of action accrues.

Defendant's policy contained a clause providing that no suit should be brought against it on any claim under it unless it was commenced within two years from the time when the right of action accrues, and a further clause that the sum named in the policy should be paid to the beneficiary within 24 hours after satisfactory proof of the death of the insured.

*Held,* that, under the terms of the contract, the cause of action accrued when the sum specified in the contract became payable according to its terms, and that the beneficiary must procure suit to be brought by a person competent to sue within two years thereafter.

ASSUMPSIT. Heard on demurrer to pleas, and demurrer overruled.

DOUGLAS C. J. This is an action brought by the administrator of John Wilkinson, who was named as beneficiary in a policy of insurance upon his life for $350, issued by the defendant to him. The policy provided that the sum named should be paid to the beneficiary thereunder "within twenty-four hours after satisfactory proof of the death of the insured." A person supposed to be the assured was found dead September 1, 1900. The administrator was appointed May 27, 1903. The action was begun by writ dated July 16, 1903.

Defendant pleads in bar to the action that the policy contains a clause providing that no suit shall be brought against the defendant on any claim under said policy "unless said suit is commenced within two years from the time when the right of action accrues;" that on November 5th, 1900, the present plaintiff made oath to and presented to defendant a proof of death and claim for payment, setting forth that John Wilkinson died on the        day of                , 1900, and that this suit was begun more than two years and eight months later than said proof of death and claim for payment.

The limitation pleaded is in accordance with the provisions of Rev. Laws of Massachusetts, 1902, vol. 2. cap. 118, sec. 26, which forbids a Massachusetts insurance company to limit the time within which suit on its contract may be commenced to less than two years after the cause of action accrues.

To this plea the plaintiff demurs, and for causes of demurrer says: "1st. That said right of action did not accrue at the time of the death of the said John Wilkinson. 2nd. That

said right of action did not accrue until an administrator on the estate of John Wilkinson had been appointed. 3d. That said plea does not set forth that said right of action did not accrue within two years of the commencement of this action."

(1)   The question presented to us is, therefore, when the right of action accrues on such a policy.

The plaintiff claims that it did not accrue until the appointment of an administrator.   In support of this claim he argues that the limitation in the contract is analogous to the statute of limitations, and the common-law rule, which suspends the application of the statute until there is some one competent to sue, should control this case.

It may be conceded that at common law, when a cause of action arises and there is no one in existence capable of suing upon it, the statute of limitations does not begin to run until some one comes into existence qualified to bring an action.   If the right accrues to a living person the running of the statute is not interrupted by his death; but if the claim is in favor of the estate, and originates at or after the death, the statute does not begin to run until the administrator is appointed. Wood on Limitations, 3d ed. § 117, p. 286; *Hobart* v. *Conn. Turnpike Co.*, 15 Conn. 147; *Sherman* v. *West Stage Co.*, 24 Ia. 515.

It is also true that this policy, being payable by its terms to the assured, could only be put in suit by his administrator. Schouler's Executors & Admin., sec. 202—note; *Burton* v. *Farinholt*, 86 N. C. 260; *Wright* v. *Vermont Life Ins. Co.*, 164 Mass. 302; *O'Brien* v. *Cont. Casualty Co.*, 184 Mass. 584; *Union Mut. Life Ins. Co.* v. *Stevens*, 19 Fed. Rep. 671; *Hathaway* v. *Sherman*, 61 Me. 466.

The defendant, admitting these propositions, argues that the common-law rule affecting the running of the statute of limitations has no application to this limitation, which was an element in a voluntary agreement; and that in the common and ordinary meaning of the words, the time when the action accrues is when proof of the death has been made.   He calls attention to the language of the court in *Wright* v. *Vermont Life Ins. Co.*, *supra:* "The promise is to pay at the office in Burlington

within ninety days after satisfactory proof of death of the insured. At the expiration of ninety days, after satisfactory proofs were furnished, a right of action accrued, without any formal demand;" and claims that the cases cited by the plaintiff under the statute of limitations use the words in the same way as indicating the arising of the liability. "When the cause of action accrues," the books say, "the statute of limitations does not apply unless some one is in existence capable of suing." The accruing of the cause of action is one circumstance, the application of the statute is another.

We think there is great force in the defendant's argument.

The primary meaning of the word "accrue" is to grow to. It indicates an addition to something as by growth or an acquisition to some person. If this is its sense in this contract it supposes a person to whom the cause of action accrues; and until there is such a person the time of limitation does not commence. But the Massachusetts statute and the clause in the policy which follows it seem to employ the word "accrue" in its secondary but more common meaning, "to arise," "to happen," "to come to pass." A cause of action accrues from the time the right to sue for the breach attaches. *Amy* v. *Dubuque*, 98 U. S. p. 470.

The Century Dictionary gives these definitions:

1. "Grow, increase, augment."

2. "Happen or result as a natural growth."

3. "*In law* to become a present and enforcible right or demand. A cause of action on a note does not *accrue* till the note becomes payable."

The object of the statute and the contract was to allow a certain time within which the suit should be brought. If the other meaning were adopted there would be practically no limitation at all. Parties interested might postpone the appointment of an administrator for many years, and the company could have no remedy. In life insurance death is a factor in every case, and the necessity of the appointment of a personal representative can hardly have been overlooked by the framers of the statute or the writers of the policy. The time allowed

seems ample within which to appoint an administrator and commence suit against the insurance company.

In *Brown* v. *Rogers Ins. Co.*, 7 R. I., 302, it was expressly held that the exceptions to the running of the statute of limitations did not apply to a condition inserted in a policy of insurance. Ames, C. J., says: "We have already decided in these very suits that the clause of limitation pleaded has force as a condition of the policy; and the replication shows no such qualifications of this condition as those contained in the fourth section of the Statute of James, or the eighth section of our own statute of limitations. The statute of limitation has no application, in any of its provision, to the clause in question; and, indeed, the only argument against the clause is that it sets up for the contract a different law of limitation from that which the statute imposes. We have held that the contracting parties have a right to do this in reference to a policy of fire insurance; and we know no right that we have, from considerations of general equity, to import into their contract qualifying terms, which they have not seen fit to adopt." To the same effect are *McElroy* v. *Continental Ins. Co.*, 48 Kas. 200; 2 May Ins. (4th ed.) p. 1150, sec. 483; *Ward* v. *Penn. Fire Ins. Co.*, 33 Southern Rep. 841; *Fey* v. *I. O. O. F. Mut. Ins. Soc.*, 98 N. W. Rep. 206, 209; *Mead* v. *Phenix Ins. Co.*, 64 L. R. A. 79. While these cases are not exactly in point, we think they are instructive and direct as towards the conclusion at which we have arrived, viz.: that the terms of the contract, taken in their ordinary sense, are binding; and hence, when the cause of action arises, when the sum specified in the contract becomes payable according to its terms, the beneficiary must procure suit to be brought by a person competent to sue, within two years thereafter, or the contract is ended.

The demurrer is overruled, and the cause remitted to the Common Pleas Division for further proceedings.

*Edward D. Bassett*, for plaintiff.

*Doran & Flanagan*, for defendant.