## GRACE E. PETTIT *vs.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Bristol.    October 28, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Insurance,* Life. *Assignment. Equity Jurisdiction,* To enforce equitable pledge. *Executor and Administrator.*

Where a policy of life insurance names no beneficiary and contains a provision that it shall be void "if the policy be assigned or otherwise parted with," and the insured delivers this policy to a creditor, telling her it is to secure her in case he shall not live to pay what he owes her for board, and such creditor thereafter pays the premiums on the policy until the death of the insured, this gives the creditor no right to maintain an action on the policy.

Where such a policy contains a provision that, "The Company may make any payment provided for in this Policy to any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her burial or . . . for any other purpose, and" that such payment "shall be conclusive evidence . . . that all claims under this Policy have been fully satisfied," and where the insurer paid the amount due under the policy to the administrator of the estate of the insured, it was *said* that such a payment would be a defence to a suit in equity by a creditor of the insured having an interest as an equitable pledgee of the policy.

It also was *said* that, the promise in the policy above described being made to the insured, with no beneficiary named, the insurer was justified in making the payment to the administrator of his estate.

It also was *said* that, whether the creditor described above had any equitable priority of claim to the insurance money in the hands of the administrator, could not be considered in a proceeding to which the administrator was not a party.

· CONTRACT by a creditor of Joseph McGovern, late of Brockton, holding a claim against his estate to the amount of $430, on a policy of life insurance to the amount of $295 upon the life of

Joseph McGovern, who died on November 19, 1915, the policy being alleged to have been assigned by Joseph McGovern to the plaintiff for a valuable consideration. Writ dated November 1, 1916.

In the Superior Court the case was submitted to *White*, J., upon a "Statement of Agreed Facts," which contained the facts that are stated in the opinion. The statement also stated that it was "further agreed, if material, that the funeral expenses of said insured were paid by a labor organization to which the insured belonged, and that no part of the same was paid by any one else."

The second provision of the policy, referred to in the opinion, was as follows: "The Company may make any payment provided for in this Policy to any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her burial or, if the Insured be more than fifteen years of age at the date of this Policy, for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such Benefits have been paid to the person or persons entitled thereto, and that all claims under this Policy have been fully satisfied."

The judge, at the request of the parties, reported the case upon the statement of material facts, as agreed, for determination by this court, without making any decision thereon.

*W. E. Kelley*, for the plaintiff, submitted a brief.

*C. T. Cottrell*, for the defendant.

DE COURCY, J. One Joseph McGovern took out an industrial life insurance policy in the defendant company, dated December 2, 1912. No beneficiary was named. He paid one dollar on account of the weekly premiums of twenty-five cents. Soon after the policy was issued he gave it to the plaintiff, and told her that it was to secure her in case he should not live to pay what he owed her for board. She kept the policy and premium receipt book until McGovern died on November 19, 1915, and paid the premiums thereon, except the one dollar, already mentioned. After his death the plaintiff filed a proof of claim, basing

her right to recover on the fact that she was a creditor of the insured for a sum in excess of the policy. The widow of the insured also claimed the insurance money. Later one Derosier was appointed administrator of the estate of McGovern; and he demanded and received what was due from the defendant.

The trial judge reported the case to this court without making any decision thereon. This action at law is in contract, and the declaration alleges an assignment of the policy to the plaintiff. It does not appear from the agreed facts, however, that there ever was an assignment made; and it is stated affirmatively that before paying the policy the "defendant learned that so far as could be ascertained there was no assignment in writing of this policy." Further, one of the express provisions of the policy is, that it should be void "if the Policy be assigned or otherwise parted with." The payment of the premiums gave the plaintiff no interest in the policy; and there is no privity of contract between her and the defendant. Plainly the plaintiff cannot recover in this action. *Stevens* v. *Warren,* 101 Mass. 564. *Lewis* v. *Metropolitan Life Ins. Co.* 178 Mass. 52. *O'Brien* v. *Continental Casualty Co.* 184 Mass. 584.

Nor can the plaintiff recover from this defendant even if we assume that under the terms of the "Statement of Agreed Facts" we may disregard the pleadings. Accepting her contention that she was a creditor with an equitable interest as a pledgee, nevertheless the defendant was expressly authorized by the second provision of the policy to make payment "to any other person appearing to said Company to be equitably entitled to the same;" and proof of payment to such person was made conclusive evidence that "all claims under this Policy have been fully satisfied."

The promise to pay was made by the defendant to the intestate, and the company was justified in paying the money to the administrator of his estate. *McCarthy* v. *Metropolitan Life Ins. Co.* 162 Mass. 254. Whether the plaintiff has any priority of claim to the insurance money in his hands cannot be now considered, as he is not a party to these proceedings.

Judgment must be entered for the defendant; and it is

*So ordered.*