## LIFE INSURANCE POLICIES CONTAINING A FACILITY PAYMENT CLAUSE.

Superior Court of Cincinnati.

MARTHA JANE ROGERS v. METROPOLITAN LIFE INSURANCE CO.

Decided, December 10, 1921.

*Life Insurance—Construction of a Facility Payment Clause—Wife has no such Vested Interest as Entitles Her to Enforce Payment— Suit, if Brought, Must be by the Administrator.*

A facility payment clause contained in a life insurance policy reading: "The Company *may* make any payment or grant any non-forfeiture privilege provided herein to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be  conclusive evidence  that all claims under this policy have been satisfied," does not give the wife of the insured as such, a vested interest entitling her to enforce payment upon said policy. If not paid to one of the classes described therein such suit can only be maintained by the executor or administrator of the insured.

*Mallon & Vordenberg* and *H. E. Marble,* for the demurrer.
*John Marshall Smedes* and *A. Lee Beaty,* contra.

GUSWEILER, J.

This cause is before the court upon plaintiff's motion for a default judgment, a demurrer to the petition and plaintiff's motion to strike from the files said demurrer.

Leave had been heretofore given to plaintiff to amend by striking out certain parts of the petition and immediately plaintiff filed a motion for default judgment. Under our code of liberal construction, we must overrule this motion.

. Later the defendant filed a demurrer without leave of court which leave under all the circumstances and the practice should

have been first obtained before filing thereof. However, under our code of liberal construction and believing that in justice the defendant has the right to file a demurrer, the court will give such leave as of the date of such filling of said demurrer and it follows, holding as we do, that the motion to strike said demurrer from the files must be overruled.

Thus the issue now resolves itself into a law question on a demurrer to the plaintiff's petition. The plaintiff in her petition alleges in substance that she is the wife of the insured, and that her son, the only heir at law of the insured, has waived his rights in her favor, that *there was no beneficiary named in the insurance policy,* in question, and that it contained the usual facility payment clause reading as follows:

"The company *may* make any payment or grant any non-forfeiture privilege provided herein to the executor or adimnistrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or for other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

The demurrer attacks the petition on the ground that the facts stated are not sufficient in law to constitute a cause of action. The plaintiff brings this action in her own name individually and not as administratrix or executrix. She claims that because she is the wife of the insured, and the wife is named in the policy as one to whom the company *may* pay, that she has a vested interest therein and that the defendant is compelled in law to pay her without letters of administration.

On careful examination of said policy, we find that the facility payment clause does not say that the company *"shall pay"* or *"will pay,"* or that the insurance *is payable,* to any such persons, but merely says it *"may"* pay, etc.; it gives the company the right, in its discretion, to pay any of such persons and thus discharges its obligations under the policy. We fail to see how

such language would make such persons beneficiaries with vested interests.

With no specific beneficiary named in the policy upon the death of the insured, the policy we think became a part of the estate of the insured as a matter of law, to be administered the same as his personal property subject, however, to the right of the company to discharge its obligations by making payment to any of such persons named in the facility payment clause.

Under the law of Ohio, administration is indispensable before the heirs can lawfully acquire title to the personal property of a decedent.

Woerner, 2d ed. American Law of Administration, at Section 200, holds that the better authority and in the greater number of the states, neither heirs nor legatees can sue any person in respect of the assets of an estate, but the executor or administrator must do so. The author recites that in some states equity will dispense with administration in certain cases, but this position has never been taken in Ohio, and this not being an equity case, this question need not be considered.

In *McBride, Admr.,* v. *Vance,* 73 O. S., 258, the Supreme Court has definitely declared that the devolution of personal property must be by means of administration. We think this authority is decisive upon the case at bar. In the second syllabus, the court said:

"The personal property of a deceased person does not vest in his heirs, but is in abeyance until administration is granted, and is then vested in the administrator by relation from the time of death, and no right of action on a promissory note belonging to a deceased person is shown by a party in an actin on the note by proof of possession, 'that he is the sole heir of the decedant.'"

In this very well considered case, the court elaborates on the doctrine of devolution of personal property, citing, *Clark* v. *Boyd* 2 Ohio, 56; *Lewis* v. *Eustler et al,* 4 O. S., 354; *Davis et al* v. *Corwine et al,* 25 O. S., 668; *Chappelear* v. *Martin,* 45 O. S., 126 and *Sommers* v. *Boyd, Treas.,* 48 O. S., 648.

Under General Code Section 10604, we conclude it is essential

and necessary for administration proceedings to be had to cast by devolution the legal title to personal property upon the heirs.

We believe that under all the circumstances of this case and considering the character of this policy and its terms, that only the executor or administrator of the insured can maintain an action on the policy for the recovery of the insurance money. So held in *Lewis* v. *Metropolitan Life Ins. Co.,* 178 Mass., page 52:

"A provision in a life insurance policy, that upon proof of death of the insured the company may pay the amount due under the policy to any relative by blood or connection by marriage of the insured or to any other person appearing to be equitably entitled to such payment by reason of having incurred expense on behalf of the insured or for his or her burial, does not enable a person of one of the classes described to sue on the policy, and such suit can only be maintained by the executor or administrator of the insured."

In the case of *Nolan* vs. *Prudential Insurance Company,* 123 N. Y. Sup. 688, it was held:

"A clause in a life policy providing that the Company may make any payment provided for in the policy to any relative by blood or connection by marriage of the insured, or to any person appearing to be equitably entitled to it by reason of having incurred expense on behalf of the insured, though giving the company a right to pay to the person who had taken out the policy and paid the premiums, and who had cared for the insured in her home, does not require such payment, and it can not be compelled by the court."

Here the plaintiff was a cousin of the insured, and the court, in holding that the executor or administrator was the proper party to sue, said:

"Although this clause might give to the defendant an opportunity, which it would seem, it should welcome, to pay to the plaintiff the small sum which comes due under this policy, it has chosen to stand on its strict legal rights. The clause above quoted (facility of payment) is one with which defendant may comply, but it can not be compelled to do so."

In *Heubner* vs. *Metropolitan Life Ins. Co.*, 146 Ill. App. 282, it was held:

"A policy which names no specific beneficiary but which provides that the Company may pay any relative who is 'equitably entitled' etc., to the proceeds, can not be recovered upon by the husband; the right of action on such a policy resides in the personal representatives of the deceased insured."

In *Prudential Ins. Co.* v. *Young* (Ind.), 43 N. E., 253, the policy contained a facility payment clause and the court says:

"The policies sued upon did not designate a beneficiary in whom the right to benefit under the policy vested. There was no one, therefore, in whom title to the policy could vest, unless it vested in some one of the persons referred to in article second (facility of payment clause). We think no right vested in the persons referred to in the article, if for no other reason than that their right depended upon the willingness of the appellant to recognize them, which it was not bound to do."

Also in *Ferritti* v. *Prudential Ins. Co.*, 97 N. Y. Supp., 1007, the court says:

"Where a policy provided that payment might be made to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose etc., the husband of the insured, who was neither her executor, administrator, nor assign, could not recover on the policy, though he had paid the funeral expenses, amounting to as much as the policy."

In *Bank* vs. *Vadnais*, 26 R. I. 122, the court says:

"In a policy of insurance containing a 'facility of payment clause,' held 'that the provision gave the company a choice between the several representatives of the insured, which of them it should pay, and no one of them had an attachable interest in the fund."

In *Marzuelli* vs. *Metropolitan Life Ins Co.* 79 N. J. 271, the court held:

"A life insurance policy in which no beneficiary was named, provided that the company might pay the amount due thereunder to any relative by blood or connection by marriage of the insured, or to any person appearing to the company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, or for his or her burial.

*Held*, that one who had paid the premium on the policy and had paid the funeral expenses of the insured was not by reason of those facts entitled to maintain an action on the policy."

In *Manning* vs. *Prudential Life Ins. Co.*, 213 S. W. 897, in construing a *facility payment* clause, said:

"Such clause operates merely to give the insurance company the option to pay the amount of insurance to any one coming within that class of persons there described, and it does not, of itself, give any such person a right of action on the policy, so that insured's sister, who paid the premiums and contributed to the funeral expenses, could not maintain an action on the policy."

Also in *Wolka* v. *Belsky*, 53 N. Y. App. Div., on page 170, the court said:

"It is evident from the wording of this clause in the policy that no particplar beneficiary was designated. In the absence of a specified or designated beneficiary to whom the insurance money was absolutely payable, under the policy in question, it was left optional with the company whether it would or would not discharge its obligation by payment to any of the persons in the classes named   Upon failure to exercise such option, the obligation still remained; and the right to enforce it, it seems to us, devolved upon the administrator, representing as he does the estate of the deceased."

In *Prudential Ins. Co.* vs. *Godfrey*, 75 N. J. Eq. 485, distinguishing the right of the blood relative and the administrator, the court said:

"In a contest for insurance under a policy containing a facility of payment clause, between the administrator of the insured and Mary Orr, the half sister and nearest blood relation of the insured and who had effected the insurance and paid the premiums thereon.

*Held,* that the insurance company had a right to pay any one of the persons named in the facility of payment clause, but that the administrator was the only person entitled to maintain an action for the insurance."

Interpreting the effect of the *facility payment clause,* in *Prudential Ins. Co.* vs. *Ritchey,* 119 N. E. 369, the court said:

"The 'facility of payment' clause gives to the company an option to make payment to any one having the qualifications named in the clause for the purpose of facilitating payment, but it does not entitle one to whom such payment might have been made at the option of the company, to enforce payment of the sum due under the policy, where such person is not named as a beneficiary."

Other authorities holding likewise are:

*Pettit* vs. *Prudential Ins. Co.* (Mass.) 121 N. E. 28; *Boyden* vs. *Masonic Life Assn.* 167 Mass. 242; *Clarke* vs. *Schwartzenberg,* 162 Mass. 98-101; *O'Brien* v. *Continental Casualty Co.,* 184 Mass. 584; *Coveny* vs. *Healy* (N. J.) 109 Atl. 204; *Strader* vs. *Metropolitan L. I. Co.* (Va.) 105 S. E. 74; *Fitzgerald* vs. *Baltimore L. I. Co.* (Md.) 105 Atl. 775; *Lukasik* vs. *Czarczynski,* 162 N. Y. S. 3.

After carefully considering the authorities submitted by counsel for plaintiff and the rulings recited herein we are forced to the conclusion that the demurrer to the petition should be and is sustained.