DOMENIC CATALDO *vs.* ALFRED WOODSIDE.

Suffolk. October 8, 1936. — October 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Trustee Process.*

Under a provision in a life insurance policy that, after death of the assured, the insurance company "could make any payment of any benefit provided therein either to the beneficiary named therein, or to" certain other persons, the company, under G. L. (Ter. Ed.) c. 246, § 24, could not properly be. charged as trustee of the named beneficiary if it had not made an election to pay him before service of the trustee process on it.

CONTRACT. Writ in trustee process in the Municipal Court of the City of Boston dated August 10, 1935.

A motion to charge the alleged trustee was denied by *Murray*, J. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*R. Marks*, for the plaintiff, submitted a brief.
*J. F. Connolly*, for the defendant.

CROSBY, J.  This is an action of contract to recover the sum of $287 for goods sold by the plaintiff to the defendant. The defendant neither appeared nor answered, and was defaulted.  The alleged trustee, an insurance company, filed an answer stating that at the time of the service of the writ upon it, it had no goods, wares or effects belonging to the defendant and asked to be discharged as trustee.  The plaintiff propounded certain interrogatories to the alleged trustee.  In its answer to the interrogatories it appeared that the alleged trustee had issued two policies of insurance upon the life of one Florence Woodside; that the total proceeds of both policies was $526.48; that the defendant was named in both policies as beneficiary, subject to a provision of the policies "that the Company could make any payment of any benefit provided therein either to the beneficiary named therein, or to the executor or administrator of the insured, or to any relative by blood or connection by marriage, or to any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense in any way on behalf of the insured for burial or for any purpose."  The alleged trustee further answered that the insured died August 9, 1935, and that said policies were not in effect after her death.

The question to be decided is the correctness of the denial of the plaintiff's motion to charge the alleged trustee, the insurance company, in an action against the beneficiary named in the policies, which had matured by death of the insured on August 9, 1935, followed by proof thereof before service of the trustee attachment made August 16 and August 24, 1935.

The record shows that the insurance company had not elected on August 16 or August 24 under the provision of the policies recited in the answer to interrogatories to pay the proceeds of the policies to Alfred Woodside, the named beneficiary.  The plaintiff is entitled to have the alleged trustee charged only in the event that the alleged trustee at the time of the service upon it had in its possession "Money or any other thing due to the defendant absolutely and without any contingency . . . ."  G. L. (Ter. Ed.)

c. 246, § 24. *Krogman* v. *Rice Brothers Co.* 241 Mass. 295. As it appears from the alleged trustee's answer to interrogatories that the policies were payable to Alfred Woodside as beneficiary subject to the provision of the policies quoted above, it follows that the insurance company could not be held as trustee. In view of this provision of the policies, the trial judge properly denied the plaintiff's requests for rulings, and his motion to charge the alleged trustee; and the Appellate Division rightly dismissed the report. See *Lewis* v. *Metropolitan Life Ins. Co.* 178 Mass. 52, 54; *Bradley* v. *Prudential Ins. Co. of America,* 187 Mass. 226; *Pettit* v. *Prudential Ins. Co. of America,* 231 Mass. 394; *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575, 580.

As no error of law is shown by the record, the entry must be

*Order dismissing report affirmed.*