No. 127684 Municipal Suffolk, ss.
WOLK (Max Mandelstam)
v. BALLOU, et al, & trs. (Earl C. Parks)
From the Municipal Court of Boston—Brackett, J.
Argued October 6, 1941—Opinion Filed November 21, 1941

TOMASELLO, J. (Zottoli, J. & Donovan, S.J.)—Action brought by Trustee Process. The plaintiff relying upon her attachment of July 2, 1940, contended that the trustee had in its hands and possession, goods, effects, or credits of the defendant due and payable without any contingency. The trustee filed an answer of "No Funds" and asked to be discharged.

Oral testimony of one Earl C. Parks attorney for the trustee and answers to interrogatories filed in the trustee action introduced at the hearing of the plaintiff's motion to charge the trustee disclosed that the trustee as mortgagee of a duly recorded mortgage had agreed to advance the sum of $8,000. to the defendant for the construction of a house and had advanced to the defendant. Margaret Ballou up to the date of the service of trustee process the sum of $7,000. The house was completed on May 10, 1940. The trustee was obligated to pay the defendant the balance of $1,000. on and after June 22, 1940, "providing the premises were free from all liens, attachments and other encumbrances, work and materials were fully paid for and satisfactory to the trustee."

The account of the defendants, being in arrears and in default for breach of conditions of the note and mortgage, foreclosure proceedings were started by the alleged trustee and notice of a proposed sale to be held on September 6, 1940, on the premises had been published in the Newton Graphic.

The trial judge denied the plaintiff's motion to charge the trustee and reported the grievance claimed by the plaintiff to the denial of his motion. No requests for rulings were filed at any stage of the proceedings, and the trial judge made no rulings of law.

It is the law in this Commonwealth that money cannot be attached on trustee process unless when service is made on the trustee, it is due absolutely and without any contingency except that of time. *Cataldo v. Woodside*, 295 Mass. 586. The burden was on the plaintiff to show that the trustee should be charged and whether it was to be charged on its answer was determinable by the facts existing when process was served on it.

It is true that Mass. Gen. Laws (Ter. Ed.) Chapt. 246 sec. 33 affords a remedy to adverse claimants to funds in the hands of a trustee by intervention in the trustee hearing. Nevertheless, trustees are bound only to act in good faith towards the

[ 169 ]

parties claiming an interest in the fund and may fairly and properly leave it to them to protect their own rights. *Randall* v. *Way,* 111 Mass. 506.

By virtue of this statute the plaintiff had the right to summon in third persons to defend their adverse claims, if any. *Mortland* v. *Little,* 137 Mass. 339.

Having failed to exercise this right, the hearing upon the trustee process in effect was a hearing upon the merits then present. *Reynolds* v. *Missouri Kansas & Texas Ry. Co.,* 224 Mass. 253.

There was no proof offered by the plaintiff that the adverse claims or encumbrances described in answer to interrogatory No. 16 were not in existence at the time of the attachment.

Whether the fund was subject to the contingencies described resolved itself into a question of fact for the trial judge, to be determined from the oral testimony offered, and allowed in without objection, and the interrogatories and answers submitted, and the reasonable inferences drawn therefrom.

The proper method of raising a question of law was for the plaintiff to have presented requests for rulings and asked a report to that end. *Reid* v. *Doherty,* 273 Mass. 388.

Having failed to turn the finding of the trial judge upon the facts into an issue of law the plaintiff's right of review is lost.

Order is: Report dismissed.