Riley, J.
The plaintiff, who is the Administrator with the will annexed of the late Mae Hart, brings this action to recover the proceeds of six insurance policies issued by the defendant, three of which were issued upon the life of Mae Hart and three upon the life of her husband, Albert Hart, who had pre-deceased her. The policies are of the type commonly known as industrial insurance policies and the aggregate amount claimed by the plaintiff upon the six policies is $1892.90.
The defendant’s answer alleges payment has been made according to the terms of the policies.
The case was tried mainly upon a stipulation as to agreed facts, although oral evidence was presented tending to show that at no time prior to the death of said Mae Hart did Lillian Roberson (to whom payments herein *132 after described were made under the policies) have possession of any of the policies nor did she ever pay any premiums on said policies, and further that Mae Hart’s will was filed for Probate in the Probate Court of Hampden County and was allowed August 16, 1939 and the plaintiff was qualified as Administrator with the will annexed on September 27, 1939.
From the agreed facts it appears that Mae Hart died January 2, 1939 and that at the time of her death the defendant company held four policies issued to her payable on her death; that one policy was payable to Lillian Roberson as beneficiary and no claim is made by the plaintiff on that policy in this suit; that said Mae Hart left a will which was offered for probate in the Hampden County Probate Court and there appeared a notice of a petition by Ruth Gainey to be appointed as executrix of the Estate of Mae Hart published in the Springfield Union under the dates of January 11th, 18th and 25th, 1939 ; that, Lillian Roberson is the sister of Mae Hart by blood and survived her; that said Lillian Roberson on January 4, 1939 surrendered the four policies and their premium receipt books to the defendant, made due proof of the death of the said Mae' Hart and represented herself as responsible for her funeral expenses; and that payment was made to said Lillian Roberson of $1164:80 by the defendant by check dated January 9, 1939, which she endorsed and cashed. It is also agreed that Albert Hart was the husband of Mae Hart and that he died on November 26, 1938; that the defendant had issued upon his life three policies which became due at his death and that these three policies aggregate $1135.98; that the aforesaid Mae Hart paid all the premiums upon these three policies and also paid all the premiums on the four policies which were issued upon her life; that there are not beneficiaries stated in any *133 of the three policies upon the life of Albert Hart; that the defendant was informed by Lillian Roberson, sister of Mae Hart, that the said Mae Hart had heard of her husband’s death but was too sick to investigate whether he was dead or not; that said Mae Hart died without making proof of the death of said Albert Hart or filing claim for the proceeds of the three policies issued upon his life; that shortly after the death of Mae Hart, Lillian Roberson informed the defendant that she had made inquiries which resulted in'her ascertaining, after the death of Mae Hart, the death of her husband Albert Hart; that after the death of said Mae Hart, Lillian Roberson surrendered the three policies upon the life of Albert Hart and the premium receipt books therefor, made due proof to the defendant of his death and also made claim for the proceeds of said three policies as being connected by marriage, as the sister-in-law; that after Lillian Roberson had surrendered these policies and made claim for the proceeds thereof, it came to the defendant’s attention that surviving Albert Hart and his wife Mae Hart were also his mother, Mary E. Hart, and his sister, Fredericka E. Hart; that thereupon the defendant caused Lillian Roberson to confer with the said Mary E. Hart and Fredericka E. Hart and that as a result of said conference Lillian Roberson, Mary E. Hart and Fredericka E. Hart agreed that the proceeds of these three policies, in aggregate sum of $1135.98, should be divided among them and that the division was thereafter on or about July 6, 1939 made and the defendant duly paid the same and as evidence thereof now holds a receipt and release of the aforesaid Lillian Roberson, Mary E. Hart and Fredericka E. Hart.
All of the policies involved in this suit contain the following provisions:
“The Company may make any payment or grant any non-forfeiture privilege provided herein to the Insnr *134 ed, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied.”.
The plaintiff duly presented the following Requests for Rulings or Findings:
1. That the defendant had actual notice of the existence of the will left by said Mae Hart, plaintiff’s testatrix. 2. That notice or knowledge of the agent and collector of the defendant as to the existence of said will, is binding on the defendant. 3. That filing said will in the Probate Court for said County of Hampden, within seven days after the death of said Mae Hart, was constructive notice to the defendant of the existence of said will". 4. In paying the several amounts due on the policies to anyone other than to the legal representatives of said Mae Hart, and within seven days after her death, the defendant acted hurriedly, carelessly and recklessly to an extent which is tantamount to bad faith. 5. That when the defendant paid these several amounts due on the policies to Lillian Roberson solely on the ground that she “represented herself responsible for the funeral expenses” the defendant acted carelessly and recklessly and, therefore, acted in bad faith. 6. That the defendant acted in- bad faith when, in July, 1939, after having actual or constructed notice of the will of said Mae Hart as filed in the Probate Court, the defendant paid to Lillian Roberson the amounts due on the several policies issued on the life of Albert Hart. 7. That the defendant acted in bad faith when the defendants or its agents suggested to said Lillian Roberson to get in touch with the mother and sister of said Albert Hart, and try to reach an agreement with them as to the distribution of the several sums due on the policies issued on the life of said Albert Hart. 8. *135 That, on all the evidence, the plaintiff is entitled to recover damages from the defendant on all policies, except on the policy in which said Lillian Roberson is named beneficiary.'
The trial judgment found for the defendant and made the following special finding and rulings in reference to the plaintiff’s Requests:
“The Court finds that the payments made to the individuals who were in fact paid off and receipted for such payments, were properly made by the defendant, in good faith, under and within the terms and provisions of the policies, and constituted valid payment of all amounts due from the defendant under the policies, accordingly the plaintiff is not entitled to recover against the defendant in this action.
“Since the defendant paid in good faith, a person or persons who under the terms of the policies were among the class of persons to who it could properly make payment of the proceeds of the several policies, the plaintiff’s first, second and third Requests for Ruling are denied, as immaterial.
“The Court denies the plaintiff’s fourth, fifth, sixth and seventh Requests for Ruling because they are contrary to the finding of the fact by the court that the payments made by the defendant were made in good faith.
“The Court denies the plaintiff’s eighth Request for Ruling.”
The plaintiff claims to be aggrieved by the Rulings and Finding of the trial judge.
A provision for settlement of one of these industrial insurance policies almost identical with the one contained in the policies in the present case was construed by the court in Bradley vs. Prudential Insurance Co., 187 Mass. 226. The court said at pages 228 and 229:
“We think that the claim of Murphy made in the proof of death, and the payment made by the company claiming to act in so doing under the provisions *136 of the article quoted, it being agreed that all the acts of the company were done in good faith, was a complete performance by it of its contract of insurance. Under the circumstances as they are disclosed in the statement of agreed facts there is no promise to pay to the plaintiff, and the payment stipulated for has been made in accordance with the terms of the policy. The plaintiff contends that Murphy was not equitably entitled to the payment. But the stipulation is not as to payment to one in fact equitably entitled to payment, but is as to payment to any person appearing" to the company to be equitably entitled to the same. Such stipulations are common in industrial policies, the amounts of which always are small, and one purpose of them is to enable the amount of the policy to be paid very speedily after the death of the insured, without the delay or expense of taking out administration, and another purpose is to remove the chance of litigation between claimants. The insurance being taken out by the person whose life is insured and the person to whom the policy is paid under the provisions of such articles being either a relative or in the position of a creditor, we see no ground for holding such an article void as against public policy. In effect the article gives the company power, acting in good faith, to discharge its debt and perform its contract by making payment to any person who is a relative by blood or marriage of the insured or who has incurred expense for the insured. See Thomas vs. Prudential Ins. Co. of America, 148 Penn. St. 594; Metropolitan Ins. Co. v. Schaffer, 21 Vroom, 72. In Shea v. United States Industrial Ins. Co., 23 App. D. (N. Y.) 53, the company in making payment under a similar article acted in bad faith, with the purpose of cheating the person who had paid the premiums, and to whom it had promised to make payment under the article. ’ ’
The plaintiff does not question the validity of the provision in the policies giving the defendant the right to make payment to certain individuals but contends, as we. understand him, that payments were not made by the defendant in good faith either upon the policies covering the life of Mae Hart or those covering the life of her husband Albert *137 Hart. The difficulty of the plaintiff’s position is that the trial judge has specifically found that payment- on all the policies was made by the defendant in good faith and, accordingly, if there is any evidence in the Report to sustain this finding we cannot interfere with it or say that there was error in his refusal to give the plaintiff’s 4th, 5th, 6th, 7th and 8th Requests.
One of the grounds on which the plaintiff contends that the defendant did not act in good faith is that it made the payments upon the policies with actual or constructive notice that the will of Mae Hart had been offered for probate in the Hampden County Probate Court and this contention is embodied in the plaintiff’s first three Requests for Rulings. As to this contention, it is to be observed that payment was made to Lillian Roberson, the sister of Mae Hart, upon the three policies covering the life of Mae Hart on January 9, 1939 and that the notice of petition for appointment of an executrix of the Estate of Mae Hart was not published in the Springfield paper until January 11th, two days after the date of the payment by the defendant on these policies. It is true that the payment upon the policies covering the life of Albert Hart was not made until July 6, 1939 but there is nothing in the Report to show that any actual notice had been given to the defendant by the plaintiff or anyone representing the Estate of Mae Hart, of any interest in these policies and the filing of the petition for the probate of the will of Mae Hart would not seem on the facts before us to necessarily give the defendant constructive notice that her estate had an interest in the policies upon the life of Albert Hart. As far as the facts show, no disposition was made of any of these policies in the will of Mae Hart.
It is doubtful if the legal representative of her .estate has any standing to prosecute an action against the defend *138 ant to recover the amount of the policies upon the life of Albert Hart. McCarthy vs. Metropolitan Ins. Co., 162 Mass. 254. Lewis vs. Metropolitan Life Ins. Co., 178 Mass. 52. Under the provisions above quoted from the policy it seems clear that the defendant was entitled to pay any of the blood relatives of either of the insured or a connection of theirs by marriage, even assuming that the plaintiff might also be entitled to have received a settlement under these policies. The contract between the insured and the defendant gives the defendant a right to make its election between the parties named if it has acted in good faith. Bradley vs. Prudential Ins. Co., 187 Mass. 226, 229. Cataldo vs. Woodside, 295 Mass. 586, 588 and cases cited. The payment of the policies upon the life of Mae Hart was made to her own sister, who appears to have been the only living blood relative and who also represented herself as responsible for the deceased’s funeral expenses, and the payment of the policies on the life of Albert Hart was made to his mother and sister and the aforesaid Lillian Roberson, his sister-in-law, in accordance with an agreement among the three of them. Furthermore, the facts recited do not show that Lillian Roberson was not also equitably entitled to share in the payment on these policies or might have been considered to be so equitably entitled by the defendant. As pointed out in Bradley vs. Prudential Ins. Co. above, the stipulation is not as to payment to one in fact equitably entitled to payment, but is as to payment to any person appearing to the company to be equitably entitled to - the same.
We cannot say that the trial judge was wrong in finding that the defendant acted in good faith in making the payments that it did under these policies. It follows that there was no error in his refusal to grant the plaintiff’s Requests for Rulings or in his Finding for the defendant and the Report is to be Dismissed.