*Western District*

**JOHN L. RUBERTO**

v.

**ADLOR THEBODO**

and

**ARTHUR H. GREGORY, Trustee**

*Present:* Riley, P. J., Hobson & Noonan, JJ.

Case tried to *Alberti, J.,* in the District Court of Central Berkshire.

*Noonan, J.* This is an action of contract for money loaned by the plaintiff to the defendant and was commenced by trustee process in accordance with G. L. c. 246.

Judgment was entered for the plaintiff for $400.00 against the defendant.

The trustee appeared and answered under oath and subsequently filed a further answer also under oath. The plaintiff then filed three interrogatories to the trustee which he subsequently answered under oath.

The trustee, who is an attorney at law, represented the defendant in a claim for personal injuries sustained by the defendant in an accident on the premises of the Busy Bee, Inc. of Pittsfield. The claim was settled. The trustee admits he had $200.00 in his hands at the time of service of the trustee process.

■ If nothing further appeared the trustee would be chargeable for the full amount of $200.00. *Capin v. Duggan,* 136 Mass. 501. However, his further answer under oath sets out that there are other creditors consisting of three doctors and a hospital who treated the defendant for his injuries in this accident.

Paragraph Four of the Trustee's further answer is as follows:

> "The agreement signed by the defendant, Aldor Thebodo, was not to pay the plaintiff to the exclusion of all other creditors out of the first proceeds received in settlement, but to pay the plaintiff proportionately with the other creditors, whose services were connected with this accident, out of the first proceeds received in settlement."

The Court found this to mean that the sum of $200.00 was the first installment paid by the Busy Bee Lunch, Inc. on account of the accident and that other payments are to follow.

The Court was further warranted in finding that the agreement signed by the defendant was with the Busy Bee, Inc. and that it would be in violation of that agreement not to abide by its terms. The agreement set up a trust for the benefit of the creditors mentioned therein.

There was no prejudicial error by the trial Court.

■ Whether the finding was subject to the contingencies described resolved it all into a question of fact for the trial judge to be determined by the interrogatories and answers

submitted and the reasonable inference drawn therefrom.

This case is analogous to the case of *Wolk v. Ballou*, 1 Mass. App. Dec. 169.